PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN J. ROBB, | ) | |
| | ) | CASE NO. 4:17CV1156 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BARBARA A. LYNN, TR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION** |
| | ) | **ORDER** [NUNC PRO TUNC AS OF |
| | ) | SEPTEMBER 7, 2017] |

On June 2, 2017, Plaintiff Brian Robb filed an Application to Confirm Arbitration

Award.  ECF No. 1.  The Court hereby confirms the arbitration award of the Financial Industry

Regulatory Authority Dispute Resolution ("FINRA-DR") issued on or about August 12, 2011

against Defendant Barbara A. Lynn in FINRA-DR Case No. 10-02870.

### I: BACKGROUND

Plaintiff was the defendant in an arbitration before FINRA-DR, arbitration No. 10-02870,

captioned *Barbara A. Lynn, and Barbara A. Lynn, Trustee of the Barbara A. Lynn Trust, under*

*Agreement dated November 10, 2008 vs. Stifel Nicolaus & Company and Brian J. Robb, et al.*

*FINRA-DR*.  During this arbitration, Plaintiff submitted an application for expungement of

records maintained by the Central Registration Depository ("CRD") of FINRA.  On August 12,

2011, FINRA-DR issued an arbitration award.  The award included the recommendation of

expungement of any record of the charges brought against Plaintiff in the arbitration that the

CRD maintained.  Now, Plaintiff seeks a judgment entry confirming the arbitration award.

## II: STANDARD OF REVIEW

Judicial review of an arbitrator's decision is "very narrow." *Lattimer-Stevens Co. Vv. United Steelworkers of America, AFL-CIO, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990). Indeed, it is "one of the narrowest standards of judicial review in all of American jurisprudence." *Id.*

A federal court "must grant [an order confirming an arbitral award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In fact, "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 9). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. [. . .] [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Under the express terms of the FAA, an award may be vacated only in the following instances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

### III: DISCUSSION

In this case, the parties arbitrated a dispute, and on August 12, 2011, FINRA-DR issued an award that included recommending the expungement of records maintained by the CRD as related to the charges brought against Plaintiff in the arbitration. ECF No. 1-2. Prior to the arbitration, the parties entered into a submission agreement, whereby a judgment could be entered upon the arbitration award in any court of competent jurisdiction. ECF No. 1-1.

Based on the narrow standard under which the Court reviews petitions to confirm arbitration awards, the Court hereby confirms the arbitration award of the"FINRA-DR" issued on or about August 12, 2011 against Defendant Barbara A. Lynn in FINRA-DR Case No. 10-02870.[1]

During the status conference held on September 6, 2017, the Court indicated that it would issue judgment based on the record established. *See* Minutes dated Sept. 6, 2017. Therefore, the Court's opinion is *nunc pro tunc* as of September 6, 2017.

The Court will issue a separate Judgment Entry.

IT IS SO ORDERED.

__October 30, 2017__         __/s/ Benita Y. Pearson__
Date                         Benita Y. Pearson
                              United States District Judge

---

[1] FINRA-DR Rule 2080 requires parties seeking expungement relief to name FINRA-DR as an additional party unless it waives the requirement. FINRA-DR has waived that requirement as to this matter. *See* ECF No. 1-3.